SMITH, Circuit Judge,
dissenting.
I am unable to join the panel’s decision. The district court ruled that there remain material factual disputes regarding the FCDC officials’ knowledge and conduct. It is my view that, under our applicable precedents, we cannot review the denial of summary judgment on the issue of qualified immunity in this interlocutory appeal.
Our jurisdiction to review the denial of summary judgment in qualified immunity cases is limited. Johnson v. Jones, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); see also Parks v. Pomeroy, 387 F.3d 949 (8th Cir.2004); Krein v. Norris, 309 F.3d 487, 489 (8th Cir.2002). In Johnson, the Court held “a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court’s summary judgment order insofar as that order determines whether or not the pretrial record sets forth a ‘genuine’ issue of fact for trial.” Johnson, 515 U.S. at 319-20, 115 S.Ct. 2151. The Court reasoned that “the appealable issue is a purely legal one: whether the facts alleged support a claim of violation of clearly established law.” Id. at 313, 115 S.Ct. 2151 (citing Mitchell v. Forsyth, 472 U.S. 511, 528 n. 9, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1995)).
In Krein, we applied Johnson and held that “summary judgment is not appropriate when there is a genuine issue of material fact surrounding the question of the plaintiffs or defendant’s relevant conduct-because, under those circumstances, the court cannot determine as a matter of law what predicate facts exist in' order to decide whether or not the defendant’s conduct violated clearly established law.” Krein, 309 F.3d at 493 (emphasis in original). We concluded that interlocutory appellate jurisdiction was lacking over the district court’s determination that there remain genuine issues of material fact and challenges to the sufficiency of the plaintiffs evidence to support that conclusion. Id.
In this case, Crow specifically alleged that FCDC was increasingly and unreasonably unsafe due to chronic overcrowding and that the FCDC officials were aware and had even acknowledged these facts. Crow also alleged that the unreasonable danger to detainees due to overcrowding was exacerbated by under-staffing of trained personnel to provide reasonable safety to detainees. Finally, Crow alleged that the FCDC officials acted with deliberate indifference in allowing over-crowding, failing to take reasonable measures to protect Crow from violence at the hands of other detainees, and showed deliberate indifference to Crow’s safety and medical needs. The district court found that the facts respecting the subjective knowledge of the FCDC officials and their actions in response to what they knew were genuinely disputed and thus not sufficiently conclusive to entitle the FCDC officials to *604 summary judgment. This is precisely the type of case we are unable to hear on interlocutory appeal under both Johnson and Krein.
As the majority correctly notes, an Eighth Amendment failure-to-protect claim requires proof greater than negligence. Farmer v. Brennan, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The plaintiff must show that the defendants subjectively knew that an excessive risk to detainees- existed and that they disregarded that risk. Id. The proper question under an analysis for deliberate indifference is whether the FCDC officials intended to avoid taking action that would have addressed the known serious risk of harm to Crow or purposely took ineffective action. See Farmer, 511 U.S. at 842, 114 S.Ct. 1970. Alleging and showing the FCDC officials failed to respond reasonably is insufficient under Farmer to establish deliberate indifference.
If the facts required to determine whether the FCDC officials are entitled to qualified immunity are not genuinely in dispute, we have jurisdiction and may resolve the question as a matter of law. Prosser v. Ross, 70 F.3d 1005 (8th Cir.1995). However, in this case, the district court has definitively found that material factual disputes exist regarding the FCDC officials’ knowledge and conduct. The FCDC officials raise sound arguments that upon further factual development could prove meritorious for the application of qualified immunity, but at this stage of the litigation, it is not our call.
For the foregoing reasons, I respectfully dissent.